## ANTHONY MELODY ET AL.

### v.

## THE PEOPLE, use, etc.

1. SUIT ON CONSTABLE'S BOND—EVIDENCE—RES INTER ALIOS ACTA.— In an action upon a constable's bond for a failure to take a sufficient replevin bond, evidence of what the sureties upon such replevin bond told the deputy coroner as to their responsibility, while the replevin writ was in the hands of the coroner to serve, and before it came to the constable, is not admissible, the statements being made in the absence of the constable. On the same grounds, a memorandum touching the sureties' responsibility, made at that time by the deputy coroner, is not admissible.

2. DAMAGES—EVIDENCE OF.—Testimony of a party that he had the goods which were replevied appraised at a certain sum, is not evidence that the goods were of that value. Such evidence was also inadmissible under the rule above stated.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 4, 1881

Mr. F. A. SMITH. for appellant; that an officer is not an insurer of the solvency of sureties upon a bond taken in the discharge of his duties, cited The People v. Robinson, 89 Ill. 159.

Mr. F. W. BECKER, for appellees, cited as to the admissibility of the evidence, Mer. Dispatch Co. v. Joisting, 89 Ill. 152.

A reversal is not granted unless the finding is manifestly against the weight of evidence: C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Adedms v. Suver, 89 Ill. 482; Lewis v. Lewis, 92 Ill. 239.

Upon the duty of an officer in taking a bond: The People v. Cor, 85 Ill. 248.

The testimony as to the value of the property taken was sufficient: Winslow v. Neulan, 45 Ill. 145; Waldo v. Gray, 14 Ill. 184; 1 Phillips on Ev. 388.

McALLISTER, P. J. This was debt upon the official bond of William E. Dempsey, a constable, against his sureties, the appellant, Melody, and one Pellitier; the bond being conditioned that said Dempsey would faithfully discharge the duties of his office as constable, etc.; and such bond was delivered and approved July 3, 1877. One breach assigned was that September 11, 1877, one Kiren Cash sued out of the Circuit Court of Cook county, a writ of replevin against Charles Kern, the then sheriff of said county, and others, for certain goods and chattels therein described, which writ was directed to any constable of the said county, and delivered to Dempsey, as such constable, to execute; and that the latter failed to take a good bond, but took one with insufficient surety, viz.: the bond of said Cash as principal, and Martin O'Neill and Alfred Mc-Clloud as sureties, neither of whom was financially responsible, the goods and chattels aforesaid being of the value of one thousand dollars, which were replevied under said writ by Dempsey, and delivered to Cash, the plaintiff; that afterwards the replevin suit was dismissed, and judgment for one cent damages and a return of the property entered; that none of the property had been returned.

It appeared on the trial, that said writ of replevin was not the original one, but that the original was directed to the coroner of said county, and delivered to him to be executed; and was afterwards so amended as to include the coroner as defendant, and, under the statute, the sheriff and coroner both being defendants, it was directed to any constable, etc.

Melody v. The People.

The breaches assigned were traversed by pleas, and on the trial before the court without a jury, the court permitted plaintiffs' counsel to prove, against the objections of the defendants, by one Korn, who was the coroner's deputy, that the original writ of replevin was delivered to the coroner for execution; that the plaintiff therein offered O'Neill and McClloud as sureties, whose responsibility was inquired into by said deputy, and that he rejected them as insufficient; also what O'Neill said to him touching his competency. There was no evidence that either Dempsey, or any of his sureties upon his official bond, was present at such time; or that Dempsey had been informed of such action on the part of such deputy coroner at the time he accepted O'Neil and McClloud as sureties on the replevin bond.

It is manifest that the matter of these sureties having been proposed as such to the coroner while the original replevin writ was in his hands prior to its being amended and delivered to Dempsey as constable to be executed, was in no respect involved under any issue in the cause. Such matter could not therefore be considered as any part of the *res gestæ*. The actual *res gestæ* were confined to Dempsey's acts after the writ came into his hands. To the latter and his sureties on his official bond, the coroner and his deputy were strangers. There was no sort of privity between them. The act of the coroner's deputy in rejecting O'Neill and McClloud when proposed as sureties on the replevin bond Cash was then attempting to give, falls directly within the rule of evidence, which forbids the admission of *res inter alios acta*. This rule operates to the exclusion of all acts or declarations or conduct of others, as evidence to bind a party, either directly or by inference; and in general no declaration or written entry, or even affidavit, made by a stranger, is evidence against any man. 1 Starkie on Ev. 58–61.

The court permitted plaintiff's counsel to give in evidence the following memorandum made by Korn, the deputy coroner: " Did not take a schedule of O'Neill because he stated right away that his property was encumbered, and one piece a homestead. G. A. Korn. "

Under the above rule this memorandum was clearly inadmissible.

The damages found by the court below was eight hundred and eighty-seven dollars. The only evidence given upon the question of the value of the goods replevied was this: Constable Hartman was asked as to what was their value. The question was proper and therefore not objected to. His answer was that he had had them appraised at eleven hundred and fifty dollars. What he had them appraised at was incompetent under the same rule above stated.

The judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.